IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| LORI FREITAS and KAYLEE MCWILLIAMS individually and on behalf of all others similarly situated, | : : : : : | |
| Plaintiffs, | : : | No. 4:20-cv-1236 (MWB) |
| v. | : : : | |
| GEISINGER HEALTH PLAN, and SOCRATES, INC. | : : : | |
| Defendants. | : : : | |

**CASE MANAGEMENT ORDER**

Pursuant to the authority granted to this Court under Federal Rule of Civil Procedure 83(b), this Case Management Order shall govern all proceedings in the above-captioned case. No deadlines set by this Order, the Local Rules[1], or the Federal Rules of Civil Procedure may be altered without this Court's approval, and this Court may modify any deadline sua sponte.

**Joinder of Additional Parties and Amended Pleadings**

1. All additional parties shall be joined by February 25, 2022.

2. Amended pleadings are due February 25, 2022.

---

[1] The Local Rules are online at http://www.pamd.uscourts.gov/sites/pamd/files/LR120114.pdf, and may also be obtained by writing the Clerk of Court, United States Courthouse and Federal Building, Suite 218, 240 West Third Street, Williamsport, Pennsylvania, 17701-6460.

1

### Discovery

3. Fact discovery shall be conducted expeditiously and diligently, and shall be completed by February 25, 2022. All requests for extensions of this deadline shall be made at least fourteen days before the expiration of the discovery period.

4. Plaintiff's expert reports are due May 27, 2022.

5. Defendant's expert reports are due June 30, 2022.

6. Supplemental and rebuttal expert reports are due July 15, 2022.

7. Expert discovery shall be completed by July 15, 2022.

8. If a discovery dispute arises, counsel shall electronically docket a letter apprising the Court of the dispute's general contours. Upon receipt of that letter, the Court may schedule a conference if necessary. No discovery motions may be filed without express permission of the Court.[2]

9. Counsel shall confer within four weeks after the completion of discovery to discuss settlement, and shall notify this Court if they would like the and complaint but have not yet appeared, a copy of this Order shall, within three days of the date of this Order, be served on those parties in any manner authorized by Federal Rule of Civil Procedure 5(b) that is calculated to provide prompt, actual notice of this Order's contents. For parties who have not yet been served with the summons and complaint, or have not yet assistance of a United States Magistrate Judge in conducting a formal settlement conference.

### Dispositive Motions

10. Plaintiff's Motion for Class Certification is due July 29, 2022.

11. Dispositive motions shall be filed by April 29, 2022.

---

[2] *See* Federal Rule of Civil Procedure 16(b)(3)(B)(v).

12. Briefing on dispositive motions shall comply with Local Rules 7.4, 7.5, 7.6, 7.7, 7.8, and 56.1.

13. Any defendant contemplating a dispositive motion shall confer with other defendants and shall file joint motions and briefs whenever possible.

**Pretrial Matters**

14. Motions to exclude expert testimony shall be filed no later than thirty days from receipt of the expert's report.

15. Motions in limine and supporting briefs shall be filed by _____.

16. Pretrial memoranda shall be filed by _____. No later than fourteen (14) days before this date, counsel shall hold a conference as indicated in Local Rule 16.3.

17. Proposed voir dire questions shall be filed by ____.

18. Proposed jury instructions shall be filed by _____.

19. A final pretrial conference will be held on _____ (time to be determined).[3] Counsel who will try the case shall attend this conference (unless the Court approves the substitution of another attorney who is fully familiar with the case), and all individuals with settlement authority shall be present or available by telephone. At the conference, counsel shall set forth the elements of all claims and defenses expected to be made at trial.

---

[3] The pretrial conference will take place in Judge Brann's chambers at the United States Courthouse and Federal Building in Williamsport.

**Trial**

20. The above-captioned case is currently placed on the

_____ 2022 trial list. Counsel should note, however, that criminal matters take priority and may delay the beginning of the civil trial list.

21. Jury selection will begin at 9:30 am on the first day scheduled for trial, and trial will commence immediately following the jury's empanelment.[4]

**Miscellaneous Matters**

22. Motions to seal documents (and the document(s) sought to be sealed) must be mailed to, or filed with, the Clerk's Office in Williamsport. The Court will not accept sealed documents filed in Scranton or Harrisburg.

23. At any time, if the parties wish to utilize the Court-Annexed Mediation Program[5] or any other form of alternative dispute resolution, counsel should electronically docket a letter expressing this interest and request a telephone conference call with the Court.

24. Counsel are advised that they may to consent to the disposition of this case by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

25. Inquiries about this case may be directed to Janel R. Rhinehart, my Courtroom Deputy, at 570-323-9772.

---

[4] Trial will take place in Courtroom No. 1, located on the fourth floor of the United States Courthouse and Federal Building in Williamsport.

[5] *See* Local Rules 16.8.1-.7.

4

## SUMMARY OF DATES AND DEADLINES

Joinder of additional parties: February 25, 2022

Amended pleadings: February 25, 2022

Discovery: February 25, 2022

Plaintiff's Motion for Class Certification: July 29, 2022

Dispositive Motions: April 29, 2022

Plaintiff's expert reports: May 27, 2022

Defendant's expert reports: June 30, 2022

Supplemental and rebuttal
expert reports: July 15, 2022

Expert discovery: July 15, 2022

Motions in limine and supporting briefs: _____

Pretrial memoranda: _____

Final pretrial conference: _____

Trial: _____

BY THE COURT:

_____
Matthew W. Brann
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
PENNSYLVANIA**

| | | |
|---|---|---|
| LORI FREITAS and KAYLEE MCWILLIAMS individually and on behalf of all others similarly situated, | : : : : : : | |
| Plaintiffs, | : : | No. 4:20-cv-1236 (MWB) |
| v. | : : : | |
| GEISINGER HEALTH PLAN, and SOCRATES, INC. | : : : | |
| Defendants. | : : | |

**CASE MANAGEMENT PLAN**

**1.0   Principal Issues**

    1.1   Separately for each party, please give a statement summarizing this case:

By plaintiff(s):

Plaintiffs received health insurance from the Geisinger Health Plan, an employee welfare benefits plan governed by ERISA. The plan contains a subrogation clause only. Accordingly, the plan terms do not permit or authorize a right of reimbursement against the member or the member's personal injury recovery.

By defendant(s):

Plaintiffs Lori Freitas and Kaylee McWilliams (collectively referred to as "Plaintiffs") received health insurance, under employee welfare benefits plans issued by Defendant Geisinger Health Plan (hereinafter "Defendant Geisinger") to their respective employers (hereinafter the "Plan"). During the relevant time period, Defendant Geisinger paid medical benefits under the Plan for Plaintiffs' personal injuries caused by third party tortfeasors.

Shortly thereafter, Plaintiffs asserted and settled claims regarding their personal injuries against the third party tortfeasors. Consistent with its rights under the operative Plan documents, Defendant Geisinger, through a third party service provider—ExlService.com,LLC (hereinafter "Defendant ExlService"), asserted subrogation claims against Plaintiffs to recover amounts associated with the medical benefits Defendant Geisinger paid on each Plaintiff's behalf.

While Plaintiffs acknowledge that the Plan contains a subrogation provision, Plaintiffs contend that Defendant Geisinger and Defendant ExlService (collectively "Defendants") do not have a right to recovery. Defendants dispute this contention.

    1.2    The facts the parties <u>dispute</u> are as follows:

All facts not agreed upon.

    <u>agree</u> upon are as follows:

On or about April 9, 2017, Lori Freitas was involved in an injury-causing event.

As a result of Lori Freitas' injuries, Defendant Geisinger paid health benefits to Lori Freitas in the amount of $17,590.80.

On or about March 23, 2017, Kaylee McWilliams was involved in an injury-causing event.

As a result of Kaylee McWilliams' injuries, Defendant Geisinger paid health benefits to Kaylee McWilliams in the amount of $43,934.76.

Defendant Geisinger, through a third party service provider—ExlService.com,LLC (previously Socrates, Inc.), asserted subrogation claims against Plaintiffs to recover amounts associated with the medical benefits Defendant Geisinger paid on each Plaintiff's behalf.

    1.3    The legal issues the parties <u>dispute</u> are as follows:

Whether the subject health benefits plans contain an equitable and legal right to reimbursement from Plaintiffs' respective personal injuries recoveries.

Whether the subject health benefits plans' subrogation rights include an equitable and legal right to reimbursement against Plaintiffs' respective personal injury recoveries.

Whether Plaintiffs engaged in conduct that would prejudice Defendant Geisinger's subrogation rights.

    <u>agree</u> upon are as follows:

The subject health benefits plans are governed by ERISA.

    1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

    N/A

    1.5    Identify any named parties that have not yet been served:

    N/A

    1.6    Identify any additional parties that:

    plaintiff(s) intends to join:

    None at this time.

    defendant(s) intends to join:

       None at this time.

   1.7    Identify any additional claims that:

       plaintiff(s) intends to add:

       None at this time.

       defendant(s) intends to add:

       None at this time.

**2.0  Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

   2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed. Disclosed by Plaintiff:

| Name | Title/Position |
|---|---|
| | |
| | |
| | |
| | |

Disclosed by Defendant:

| Name | Title/Position |
|---|---|
| | |
| | |
| | |
| | |

**3.0  Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|

**4.0   Discovery**

    4.1   Briefly describe any discovery that has been completed or is in progress:

        By plaintiff(s):

Plaintiffs have served their first demand for production of documents and their first set of interrogatories directed to Defendants.  Consistent with the Rules of Civil Procedures, those requests will be deemed as served following the Parties' Rule 26(f) conference.

        By defendant(s):

Defendants will serve their first discovery demands within 30 days of the initial case management conference.

    4.2   Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

The parties agree the full panoply of discovery is available to both parties.

    4.3   Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

There is no such disagreement at this time.

    4.4   Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

        Plaintiff: None at this time

        Defendant: None at this time

    4.5   For each of the following discovery tools, <u>recommend the per-party or per- side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits. recommended by plaintiff(s) and by defendant(s)):

        4.5.1   depositions (excluding experts) to be taken by:

9

      plaintiff(s): 10

      defendant(s): 10

   4.5.2 interrogatories to be served by:

      plaintiff(s): 25

      defendant(s): 25

   4.5.3 document production requests to be served by:

      plaintiff(s): 50

      defendant(s): 50

   4.5.4 requests for admission to be served by:

      plaintiff(s): 25

      defendant(s): 25

  4.6 Discovery of Electronically Stored Information

X Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

**5.0 Protective Order**

  5.1 If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

  5.2 If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

Plaintiff: Plaintiff does not seek a Protective Order. However, if there is material for which a Protective Order is appropriate, Plaintiff will certainly engage in good faith discussion with defendant.

Defendant: At this time Defendants do not believe that a Protective Order is necessary. However, Defendants will engage in a good faith discussion with Plaintiffs if, at any time, Plaintiffs believe a Protective Order would be necessary, including if Defendants are required to produce any personal and confidential information related to Plaintiffs, including but not limited to their medical records.

**6.0 Scheduling**

  6.1 Final date for joining additional parties:

    Plaintiff(s): February 25, 2022

        Defendants(s): February 25, 2022

6.2    Final date for amending pleadings:

        Plaintiff(s): February 25, 2022
        Defendants(s): February 25, 2022

6.3    All fact discovery commenced in time to be completed by:  February 25, 2022

6.4    All potentially dispositive motions should be filed by: April 29, 2022

6.5    Reports from retained experts due: from plaintiff(s) by: May 27, 2022

        from defendant(s) by: June 30, 2022

6.6    Supplementations due: July 15, 2022

6.7    All expert discovery commenced in time to be completed by July 15, 2022

6.8    Plaintiff's motion for class certification to be filed on or before: July 29, 2022

6.9    This case may be appropriate for trial in approximately:

        \_\_\_\_\_ 240 Days from the filing of the action in this court

        \_\_\_\_\_ 365 Days from the filing of the action in this court

        \_\_\_\_\_ Days from the filing of the action in this court

The Parties propose the Court schedule any pre-trial deadlines after the disposition of Plaintiffs' motion for class certification.  To facilitate this process, the Parties will meet and confer and submit a proposed scheduling order no later than 5 business days following the disposition of Plaintiffs' motion for class certification.

6.10    Suggested Date for the final Pretrial Conference:

        \_\_\_\_\_(month/year)

6.11    Trial

     6.11.1  Suggested Date for Trial:

        \_\_\_\_\_(month/year)

**7.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

11

    Plaintiff:    Charles Kannebecker, Esq.
             104 W. High Street
             Milford, PA 18337
             (570) 296-6471
             Kannebecker@wskllawfirm.com

    Defendant:


F. Kelly Davis,
Associate Vice President and General Counsel at Geisinger Health Plan
100 N. Academy Ave.
Danville, PA 17822


Ajay Ayyappan,
Senior Vice President, General Counsel, and Corporate Secretary at ExlService.com, LLC
320 Park Avenue, 29th Floor
New York, NY 10022


**8.0 Alternative Dispute Resolution ("ADR")**

  8.1 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

    ADR procedure:  <u>None</u>

    Date ADR to be commenced _____
    Date ADR to be completed _____

  8.2 If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended: Not Applicable

  8.3 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view: It is too early in the case to make an determination as to whether ADR would be appropriate.

**9.0 Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

    All parties agree to jurisdiction by a magistrate judge of this court:
    _____Y  __x__ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

12

N/A.

_____ Scranton/Wilkes-Barre
_____ Harrisburg
_____ Williamsport

**10.0   Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**11.0   Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk=s Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated:  August 9, 2021

> <u>/s/Charles Kannebecker</u>
>
> Charles Kannebecker, Esq.
> 104 W. High Street
> Milford, PA 18337
> (570) 296-6471
> Kannebecker@wskllawfirm.com
> Attorney(s) for Plaintiff(s)

   X    ECF User(s)
        Waiver requested (as separate document) Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated:  August 9, 2021

> <u>*/s/ Thomas G. Collins*</u>
>
> Thomas G. Collins, Esq. (PA I.D. #758896)
> 409 North Second Street, Suite 500
> Harrisburg, PA 17101-1357
> Phone: (717)237-4800
> Email: thomas.collins@bipc.com
>
> Gretchen Woodruff Root, Esq. (PA I.D. #309683)
> 501 Grant Street, Suite 200
> Pittsburgh, PA 15219-4413
> Phone: (412)562-8800

     Email: gretchen.root@bipc.com

    Attorneys(s) for Defendant(s)

  X  ECF User(s)
    Waiver requested (as separate document) Fed.R.Civ.P.7.1 (statement filed if necessary)*

* Fed.R.Civ.P.7.1 requires a non-governmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.