IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI FREITAS and KAYLEE MCWILLIAMS, *Individually and on behalf of others similarly situated*,<br><br>Plaintiffs,<br>v.<br><br>GEISINGER HEALTH PLAN and SOCRATES, INC.,<br><br>Defendants. | Civil Action No. 4:20-cv-01236-MWB |

## JOINT MOTION TO AMEND THE CASE MANAGEMENT ORDER

Defendants Geisinger Health Plan and Socrates, Inc. and Plaintiffs Lori Freitas and Kaylee McWilliams (on behalf of themselves and others similarly situated), by and through their undersigned counsel, jointly move this Court for an Order extending the pre-certification discovery deadline in this action by ninety-five (95) days along with a corresponding 95-day extension of the other deadlines in the Case Management Order. The parties state in support thereof as follows:

1. This matter involves allegations under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. brought by Plaintiffs Lori Freitas and Kaylee McWilliams against Defendants [ECF No. 7].

2. The parties are currently engaged in pre-certification discovery.

3. Plaintiffs served their discovery demands on May 28, 2021, which were comprised of:

   Plaintiff McWilliams' First Set of Interrogatories;

> Plaintiff Freitas' First Set of Interrogatories; and
>
> Plaintiffs' First Set of Document Demands

4. Defendants' former counsel requested an extension to respond to Plaintiffs' written discovery to September 22, 2021. Plaintiffs' counsel replied and readily accorded the professional courtesy and accommodation of the extension that defense counsel requested.

5. On September 21, 2021, Defendants' former counsel at Buchanan Ingersoll & Rooney PC, informed Plaintiffs' counsel that Defendants intended to transfer the defense of this case to another law firm.

6. Defendants' new counsel required additional time to familiarize themselves with the case and to work on responses to Plaintiffs' discovery requests.

7. In that regard, Defendants' new counsel politely requested extensions to respond to Plaintiffs' discovery. Defendants' counsel needed time to secure answers and obtain documents for responses to Plaintiffs' discovery, which led Defendants' counsel to request additional extensions. Against that background, Plaintiffs' counsel accorded the professional courtesy of extensions, provided that if the pre-certification discovery deadline needed to be extended due to these accommodations/extensions, Defendants would concur with an extension of the pre-certification discovery deadline and would seek such an extension from the Court.

8. Defendants served answers/objections to Plaintiffs' written discovery on January 27, 2022; provided a partial document production on January 28, 2022; and intend to provide the additional documents over the next several days.

9. Defendants have served interrogatories and document requests on each Plaintiff and noticed depositions for each Plaintiff, which were on dates on which Plaintiffs' counsel was unavailable.

10. Plaintiff interposed no objection to the accommodation of additional time for Defendants' new counsel but, as there was a Case Management Order in place with deadlines, Plaintiffs' counsel requested that an extension from the Court of the deadlines in the Case Management Order be sought for whatever time Defendants needed to properly effectuate the change in counsel and provide the interrogatory responses and documents in response to Plaintiffs' written discovery.

11. As a result of Plaintiffs' professional courtesy in agreeing to extensions to Defendants for discovery responses, the parties jointly request an extension of the Case Management Order deadlines. In that regard, although many months of extension were accorded to Defendants, only a 95-day extension of deadlines is now being requested.

12. The parties herein have conducted the matter professionally, have had professional discussions and have resolved issues already directly between counsel.

13. Accordingly, Plaintiffs and Defendants seek an extension of the deadlines in the Case Management Order [ECF No. 28] and have attached a proposed Amended Case Management Order.

14. The parties believe that the requested extension is warranted in light of the circumstances and to accord fair opportunity to the parties.

15. This Joint Motion is being submitted in good faith and not for the purpose of delaying litigation. No prejudice will result from the extension of time sought herein, and no rights of Plaintiffs or Defendants will be diminished as a result of this extension.

WHEREFORE, for the reasons set forth above, the parties respectfully request that the Court grant this Joint Motion to Amend the Case Management Order so as to provide additional time to complete pre-certification discovery.

Respectfully submitted,

| | |
|---|---|
| */s/ Charles Kannebecker* | /s/ *Raymond A. Kresge* |
| CHARLES KANNEBECKER | JEFFREY I. PASEK |
| Law Office of Charles Kannebecker | RAYMOND A. KRESGE |
| 104 West High Street | Cozen O'Connor |
| Milford, PA  18337 | One Liberty Place |
| 570-296-6471 | 1650 Market Street, Suite 2800 |
| | Philadelphia, PA  19103 |
| Attorney for Plaintiffs | 215-665-2128 |
| | |
| | Attorneys for Defendants |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LORI FREITAS and KAYLEE MCWILLIAMS, *Individually and on behalf of others similarly situated*,

  Plaintiffs,

v.

GEISINGER HEALTH PLAN and SOCRATES, INC.,

  Defendants.

Civil Action No. 4:20-cv-01236-MWB

**AMENDED CASE MANAGEMENT ORDER**

February ___, 2022

Pursuant to the authority granted to this Court under Federal Rule of Civil Procedure 83(b), this Case Management Order shall govern all proceedings in the above-captioned case. No deadlines set by this Order, the Local Rules,[1] or the Federal Rules of Civil Procedure may be altered without this Court's approval, and this Court may modify any deadline *sua sponte.*

**Joinder of Additional Parties and Amended Pleadings**

1.  All additional parties shall be joined by May 31, 2022.[2]

---

[1] The Local Rules are online at http://www.pamd.uscourts.gov/sites/pamd/files/LR120114.pdf, and may also be obtained by writing the Clerk of Court, United States Courthouse and Federal Building, Suite 218, 240 West Third Street, Williamsport, Pennsylvania, 17701-6460.

[2] This Order is effective immediately as to all parties who have already appeared. If any parties have not yet been served with the summons and complaint, a copy of this Order shall be served on those parties simultaneously with the summons and complaint, in any manner authorized by Federal Rule of Civil Procedure 4(c). If any parties have been served with the summons and complaint but have not yet appeared, a copy of this Order shall, within three days of the date of this Order, be served on those parties in any manner authorized by Federal Rule of Civil Procedure 5(b) that is calculated to provide prompt, actual notice of this Order's contents. For parties who have not yet been served with the summons and complaint, or have not yet appeared, this Order is effective immediately upon receipt. No party, however, will penalized for violating the terms of this Order if they have not received actual notice of this Order's contents

2. Amended pleadings are due May 31, 2022.

### Discovery

3. Pre-certification discovery shall be conducted expeditiously and diligently, and shall be completed by May 31, 2022. All requests for extensions of this deadline shall be made at least fourteen days before the expiration of the discovery period.

### Class Certification

4. Plaintiffs' Motion for Conditional Certification and supporting brief is to be filed by June 30, 2022.

5. Defendant's response in Opposition to the Motion for Conditional Certification is to be filed by August 1, 2022.

6. Plaintiffs' Reply Brief in Support of the Motion for Conditional Certification is to be filed by August 15, 2022.

7. A case management conference will be scheduled once the Court rules on the motion for conditional certification.

### Miscellaneous Matters

8. Motions to seal documents (and the document(s) sought to be sealed) must be mailed to, or filed with, the Clerk's Office in Williamsport. The Court will not accept sealed documents filed in Scranton or Harrisburg.

9. At any time, if the parties wish to utilize the Court-Annexed Mediation Program[3] or any other form of alternative dispute resolution, counsel should electronically docket a letter expressing this interest and request a telephone conference call with the Court.

---

[3] *See* Local Rules 16.8.1-7.

10. Inquiries about this case may be directed to Janel R. Rhinehart, my Courtroom Deputy, at 570-323-9772.

### Summary of Dates and Deadlines

| | |
|---|---|
| Joinder of additional parties: | May 31, 2022 |
| Amended pleadings: | May 31, 2022 |
| Pre-certification Discovery: | May 31, 2022 |
| Plaintiffs Motion for Conditional Certification: | June 30, 2022 |
| Defendants' Response in Opposition: | August 1, 2022 |
| Plaintiffs' Reply Brief: | August 15, 2022 |

BY THE COURT:

*/s/Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

LEGAL\56330073\1